UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| GDH CAPITAL CORP, | : | CIVIL ACTION NUMBER: 2:8-5436 |
| Plaintiff, | : | |
| v. | : | JUDGMENT |
| FRANK IOZZIO, et al. | : | THE HON. WILLIAM J. MARTINI |
| Defendants. | : | |

## OPINION

Plaintiff GDH Capital Corporation filed a complaint on November 4, 2008 alleging that Defendants were in breach of five mortgage notes. The complaint asserted diversity jurisdiction: alleging that the amount in dispute is in excess of $75,000, alleging that Plaintiff was a New York entity, that the individual defendants were New Jersey residents, and that the entity defendants were organized in Delaware and their principal place of business was in New Jersey.

The Defendants were served, but those Defendants which have not been terminated form this action have made no filings. Plaintiff subsequently sought entry of default under Rule 55, which was entered by the Clerk of the Court. Now Plaintiff has moved under Rule 55 for a default judgment supported by an affidavit and extensive exhibits. Again, Defendants have failed to respond. For the reasons elaborated below, the Court will **GRANT** the default judgment.

### I. BACKGROUND

Plaintiff's affidavit states that Defendants breached five mortgage notes and have outstanding principal and interest balances. Plaintiff has produced some documentation establishing the amount of the principal outstanding and the amount of outstanding interest. The documentation indicates that Defendant Garcia signed each of the five mortgages notes, sometimes signing in a personal capacity, sometimes on behalf of an entity, and sometimes in both capacities. For example, the September 22, 2005 mortgage note was signed by Defendant Garcia, apparently only in an individual capacity. The September 6, 2005 mortgage note and the October 21, 2005 mortgage note were signed by Garcia in an individual capacity and on behalf of Defendant Gateway Reo of NY & NJ, LLC. Two mortgage notes dated August 18, 2005 were signed by Garcia on behalf of Gateway Reo of NY & NJ, LLC, but, apparently, not in an individual capacity.

## II. DISCUSSION

### A. Default Judgment Standard for Damages

"Default establishes the defaulting party's liability for the well-pleaded allegations of the complaint." *United States v. Gant*, 268 F.Supp.2d 29, 32 (D.D.C. 2003) (citing *Brock v. Unique Racquetball & Health Clubs, Inc*., 786 F.2d 61, 65 (2d Cir. 1986)). Default does not establish liability for the amount of damages claimed by the plaintiff. *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974) ("While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation."). "The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Secs. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999).

The district court has considerable latitude in determining the amount of damages. *Jones v. Winnepesaukee Realty*, 990 F.2d 1, 4 (1st Cir. 1993). In determining the amount, the district court may conduct a hearing. Fed. R. Civ. P. 55(b)(2). The court is not required to do so, however, "as long as it ensure[s] that there [is] a basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir.1997). "It is familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." *Pope v. United States*, 323 U.S. 1, 12 (1944).

### B. Damages

Defendants failed to make any filing in response to Plaintiff's filings. Plaintiff supports his claim for breach, liability, and damages based on his pleadings, his motion, and an affidavit with extensive exhibits. These filings are specific and appear in good order. The Court has examined the proofs and is satisfied that they comply with the required standard. *See* Fed. R. Civ. P. 55. No hearing was held.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for default judgment is **GRANTED**.

Plaintiff shall recover from Defendant Anthony Garcia a/k/a Joey A. Garcia in the amount of $85,600.

Plaintiff shall recover from the Defendants Anthony Garcia a/k/a Joey A. Garcia and Gateway Reo of NY & NJ, LLC in the amount of $63,674.

Plaintiff shall recover from Defendant Gateway Reo of NY & NJ, LLC in the amount of $198,000.

Appropriate final judgments follow.

s/ William J. Martini
**DATE: May 27, 2010**                                **William J. Martini, U.S.D.J.**